COMMISSIONER OF MOTOR VEHICLES *v.* STEUDL

[No. 164, September Term, 1963.]

*Decided February 17, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*J. Roy Thompson, Jr.,* for appellant.

*William F. Hickey,* for appellee.

SYBERT, J., delivered the opinion of the Court.

On February 23, 1960 the appellee, Hartman C. Steudl, filed suit in the Circuit Court for Montgomery County against Wil-

liam J. Johnson, alleging that he had suffered personal injuries
which were caused by the negligence of Johnson in the opera-
tion of a motor vehicle. On November 20, 1961 a verdict was
entered for the defendant Johnson pursuant to Code (1957),
Art. 66½, Sec. 168,[1] on the basis that the appellee's injuries
were caused by a motor vehicle, the identity, owner, and op-
erator of which had not been established. On December 21,
1961, pursuant to Art. 66½, Sec. 167,[2] the lower court passed
an order which purported to authorize suit against the Com-
missioner of Motor Vehicles, the appellant here. On March 16,
1962 the appellee filed suit against the Commissioner of Motor
Vehicles, as authorized by the order. Subsequently, on Sep-
tember 18, 1962 the appellant filed a motion to vacate the or-
der of December 21, 1961, which had authorized suit against
the Commissioner, and a motion to strike the declaration filed
on March 16, 1962. After a full hearing, the lower court granted
both motions, but, in addition, granted leave to the appellee
to file an amended declaration against the Commissioner with-
in 15 days. The appellant then took the present appeal, con-
tending that the lower court was in error when it granted leave

1. "168 (a) When in an action * * * judgment is rendered for
the defendant on the sole ground that such death or personal in-
jury was occasioned by a motor vehicle—

(b) The identity of which, and of the owner and operator of
which, has not been established * * *

(c) * * * the plaintiff in such action may, within three months
from the date of the entry of such judgment, make application
for authority to bring an action upon said cause of action against
the Commissioner in the manner provided in § 167."

2. "167 (a) When the death of, or personal injury to, any per-
son arises out of the ownership, maintenance or use of a motor
vehicle in this State on or after June 1, 1959, but the identity of
the motor vehicle and of the operator and owner thereof cannot
be ascertained * * * any qualified person who would have a cause
of action against the operator or owner, or both * * * may, upon
notice to the Commissioner and the Board, apply to a court of
competent jurisdiction for an order permitting him to bring an
action therefor against the Commissioner in such court, and the
court may proceed upon such application in a summary manner,
and may make an order permitting the applicant to bring such
an action against the Commissioner * * *."

to file an amended declaration, since the order authorizing suit against the Commissioner, as required by Sec. 167, had been stricken and no subsequent order authorizing such a suit had been entered.

In the present appeal we do not reach the question whether the lower court was in error in granting the leave to amend under the circumstances of this case. The order appealed from was an interlocutory order, and not a final one, and hence the present appeal is premature and must be dismissed. As we said in *Jeffers v. State,* 203 Md. 227, 229, 100 A. 2d 10 (1953) : "It is a firmly established rule that an order of the Circuit Court which does not settle and conclude the rights of the parties, and does not deny to the parties the means of further prosecuting or defending the action, is not a final judgment or determination such as to be a proper subject of appeal to the Court of Appeals."

The order striking the declaration but granting leave to file an amended declaration within a specified time did not, in the posture of this case, conclude the rights of the parties or deny further action and thus was not a final judgment or determination. Hence the appeal will be dismissed. See *Milio v. Bar Association,* 227 Md. 527, 177 A. 2d 871 (1962). Cf. *Concannon v. State Roads Commission,* 230 Md. 118, 186 A. 2d 220 (1962).

> *Appeal dismissed; costs to be paid by the appellant.*