895 A.2d 1098

**BEYOND SYSTEMS, INC.**

v.

**SECURE MEDICAL, INC., et al.**

**No. 2793, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

April 7, 2006.

Stephen H. Ring, Gaithersburg, for appellant.

Adam P. Palmer, Phoenix, AZ, for appellee.

Panel: HOLLANDER, JAMES R. EYLER, BARBERA, JJ.

JAMES R. EYLER, J.

Maryland Rule 2–322(a) provides that the defense of lack of jurisdiction over the person shall be made by motion to dismiss filed before the answer. The question presented is (a) when a defendant fails to raise the defense by motion prior to its answer, (b) ultimately prevails on the defense on motion for summary judgment, and (c) the plaintiff argues for the first time on appeal that the defense was waived, is the issue of defendant's waiver properly before us? We shall hold that it is or, in the alternative, that we have discretion to reach it.

## Factual Background

On December 31, 2003, Beyond Systems, Inc., appellant, filed a complaint in the Circuit Court for Montgomery County against Secure Medical, Inc., Low Cost Pharmacy, Inc., appellees, and John Doe.[1] Appellant alleged the following.

Appellant is an "interactive computer service provider." On "hundreds of occasions during 2002 and 2003," appellees alleg-

---

[1] John Doe is not a real person, and there was no service of process. The circuit court entered an order under rule 2–602(b), apparently in an abundance of caution, declaring the judgment in favor of appellees final.

edly "initiated, conspired to initiate, and assisted in the initiation of commercial electronic mail messages to recipients in Maryland," including appellant. The messages "advertised property, goods or services for sale or lease, and resulted in sales and the delivery of goods and/or services into Maryland."

Appellant alleged that appellees violated section 14–3002 of the Commercial Law Article of the Maryland Code because the electronic mail (1) "used a third party's internet domain name or electronic mail address without that third party's permission," (2) "contained false or misleading information about the origin or the transmission path," and (3) "contained false or misleading information in the subject line." Appellant, as a recipient of the electronic mail and as an interactive computer service provider, sought statutory and actual damages.

On May 20, 2004, appellees filed an answer to the complaint, which contained several affirmative defenses, including lack of jurisdiction over the person.

On October 6, 2004, appellees filed a motion for summary judgment on the following grounds: (1) there was no evidence of a violation of section 14–3002, (2) the court lacked subject matter jurisdiction and jurisdiction over the person, and (3) section 14–3002 was unconstitutional. On November 12, 2004, appellant filed an opposition to the motion, with supporting affidavit. On January 10, 2005, appellees filed a supplemental memorandum in support of their motion.

On January 13, 2005, the court held a hearing on the motion for summary judgment and, by order dated January 14, 2005, granted the motion on the ground of lack of jurisdiction over the person. Appellant moved for reconsideration, and after the court denied it, appellant noted this appeal.

## Discussion

On appeal, appellant contends that appellees waived the defense of lack of jurisdiction over the person because they did not raise it by motion to dismiss before filing their answer. Appellant did not make this contention in circuit court.

Rule 2–322(a) clearly states that the defense of lack of jurisdiction over the person is waived if not made by motion to dismiss *before* the answer. *See Chapman v. Kamara,* 356 Md. 426, 438, 739 A.2d 387 (1999)("Once a party files an answer without raising the defense of insufficient service of process, that defense ordinarily is waived.").

■ The question is whether appellant forfeited its right to rely on that waiver by not raising the issue before the trial court. The cases cited by the parties are not squarely on point. Most of the reported cases address whether a *defendant* can raise the defense of lack of jurisdiction over the person when it did not file a motion to dismiss on that ground prior to filing an answer. The cases hold that the defense was waived.

The nature of lack of personal jurisdiction, which can be cured by waiver or consent, and the language in reported cases both suggest that, once the defense is waived, it cannot be resurrected, implying that no act by an opposing party is required in order to preserve waiver. *See Chapman,* 356 Md. at 438, 739 A.2d 387 ("Once an answer has been duly filed, a party may not subsequently raise [the] defenses [listed in Rule 2–322(a), including personal jurisdiction] as grounds to vacate a judgment."). If that is not the case, we have the discretion to reach the waiver issue, even though it was not argued below. Rule 8–131(a).

The second sentence in Rule 8–131(a) contains the general rule, *i.e.,* an appellate court ordinarily will not decide an issue unless raised in or decided by a trial court. The first sentence provides that subject matter jurisdiction may be raised at any time, and personal jurisdiction may be raised at any time, unless waived under Rule 2–322. The defense of lack of personal jurisdiction was waived by appellees, and they would not be able to raise the defense, for the first time, on appeal.

The first sentence does not expressly address the situation before us, however, *i.e.,* the defendant was ultimately successful on the defense, the plaintiff did not argue waiver, and the

question is whether the plaintiff is prohibited from arguing defendant's waiver on appeal because it did not raise it below.

■ Under the second sentence in Rule 8–131(a) and Maryland case law, we have the jurisdictional authority to decide an issue even though it was not brought to the attention of the circuit court. *See, e.g., Moosavi v. State,* 355 Md. 651, 736 A.2d 285 (1999); *Fisher v. State,* 367 Md. 218, 786 A.2d 706 (2001); *Wells v. Chevy Chase Bank, F.S.B.,* 363 Md. 232, 768 A.2d 620 (2001); *County Council of Prince George's County v. Offen,* 334 Md. 499, 639 A.2d 1070 (1994); *Atlantic Mutual Insurance Co. v. Kenney,* 323 Md. 116, 591 A.2d 507 (1991).

In *Jones v. State,* 379 Md. 704, 843 A.2d 778 (2004), the Court of Appeals noted that "[t]he second sentence of Rule 8–131(a) sets forth the general proposition that an appellate court *ordinarily* will not consider an issue that was not raised or decided by the trial court." *Id.* at 712, 843 A.2d 778. The Court also concluded, however, that the prohibition is not absolute, explaining that "an appellate court has discretion to excuse a waiver or procedural default and to consider an issue even though it was not properly raised or preserved by a party." *Id.* at 713, 843 A.2d 778. The Court continued by recognizing that "there is no fixed formula for the determination of when discretion should be exercised, and there are no bright line rules to conclude that discretion has been abused." *Id.* The Court set forth two questions that an appellate court should ask itself when deciding to exercise its discretion: (1) whether the exercise of its discretion will work unfair prejudice to either of the parties and (2) whether the exercise of its discretion will promote the orderly administration of justice. *Id.* at 714–15, 843 A.2d 778.

The Court of Appeals' application of this standard in *General Motors Corp. v. Seay,* 388 Md. 341, 879 A.2d 1049 (2005), also sheds light on the question presented in this case. In *Seay,* the question was "whether the issue of GM's procedural compliance with Maryland Rule 2–532(a) was properly before the Court of Special Appeals given that Seay raised the issue for the first time on appeal." *Id.* at 361, 879 A.2d 1049. In

that case, General Motors argued that Seay's failure to raise the procedural issue in the trial court resulted in a waiver of the issue on appeal. Seay conceded that his trial counsel did not raise the issue of GM's procedural non-compliance in his opposition to the motion at the trial level; instead, counsel opposed the motion on its merits. Seay maintained, however, that because the Court of Special Appeals addressed the issue, the question for the Court of Appeals was whether the intermediate appellate court had abused its discretion in doing so. *Id.* The Court of Appeals held

> that the Court of Special Appeals did not abuse its discretion when it decided the issue of whether the motion for JNOV was properly before the trial court. The question is purely a matter of rule interpretation and does not depend on the presentation of additional evidence. Moreover, had the procedural error been raised at the trial level, the proper result would have been to deny the motion irrespective of any efforts to correct the error. Simply put, the error is not correctable. GM [appellant] was not, therefore, prejudiced by the exercise of discretion to address the unpreserved ground for objecting to GM's motion.

*Id.* at 364, 879 A.2d 1049.

Similarly, in this case, we shall exercise our discretion under Rule 8–131(a) and reach the question of defendant's waiver. Because the defense was clearly waived, we reverse the judgment and remand for further proceedings.

**APPELLANT'S AMENDED MOTION FOR EXTENSION OF TIME FOR FILING REPLY BRIEF GRANTED. JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**