946 A.2d 456

**David ROBINSON**

v.

**STATE of Maryland.**

**No. 71, Sept. Term, 2007.**

Court of Appeals of Maryland.

April 15, 2008.

Michael P. Lytle (Byron L. Warnken, Warnken, LLC, Towson), on brief, for appellant.

Carrie J. Williams, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen., Baltimore), on brief, for appellee.

Argued before BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER, (Retired, specially assigned) and DALE R. CATHELL, (Retired, specially assigned), JJ.

RAKER, J.

This is a criminal case involving sexual abuse against a minor child by a family member. Appellant's primary issue on appeal is that the definition of "family member" in § 3–602 of the Criminal Law Article of the Maryland Code (2002, 2006

Cum.Supp.)[1] is unconstitutionally vague because of its broad definition of the term "family member." Appellant further argues that, because he does not fall within the definition of "family member" if the definition is construed to avoid an unconstitutional construction of the statute, there was not sufficient evidence to convict him of child sexual abuse. Because appellant raises these issues for the first time on appeal before this Court, we shall hold that appellant failed to preserve them for appellate review. He argues, in the alternative, that if these issues were not preserved for review, he received ineffective assistance of counsel. We will not review appellant's claim on this point because we do not find any exception to the general rule that such claims be brought in a post-conviction proceeding applicable in this case.

David Robinson, appellant, was indicted by the Grand Jury for Montgomery County for sexual abuse of a minor, second degree rape, attempted second degree rape, second degree sexual offense, and two counts of third degree sexual offense. Appellant was charged with sexually abusing his niece, V.O. Appellant was married to V.O.'s mother's sister, Edna Mae Robinson, at the time of the incident, although they had separated. Between the time of the incident and trial, appellant and Ms. Robinson received an absolute divorce. V.O. testified that, on one occasion when appellant came to her house to repair her computer, appellant digitally penetrated her vagina, performed cunnilingus on her, and engaged in vaginal intercourse with her, all without her consent. Appellant testified that he had never had any sexual contact with V.O.

It was not disputed at trial that appellant was the husband of V.O.'s mother's sister—her uncle by marriage. During defendant's case in chief, Edna Mae Robinson testified that Mr. Robinson was her ex-husband and V.O. is her "sister's daughter, my niece." Mr. Robinson testified that he had been

---

1. All subsequent references herein be to Md.Code, Criminal Law Article (2002, 2006 Cum.Supp.) unless otherwise noted.

married to Ms. Robinson and that at the time of the incident "I just separated from my ex."

Appellant moved for judgment at the close of the State's case, arguing only that "there's been no testimony from any of the fact witnesses to establish, in fact, what the time frame of this event was." The court denied the motion. Appellant moved for a judgment of acquittal at the close of all evidence, arguing that "the State's inability to impeach my client in conjunction with the impeachment of the victim makes it impossible for the State, for the fact finder and the law to find that my client is guilty beyond a reasonable doubt." The court denied the second motion as well. Appellant never raised the argument that appellant's status did not fall within the statutory definition of "family member" or that the statute was unconstitutionally broad or vague.

Appellant first raised the issue of "family member" at the time of jury instructions. The trial court instructed the jury as to sexual abuse of a minor as follows:

"Child abuse and sexual molestation or exploitation of a child under 18 caused by a parent or other person who has permanent or temporary care, custody or responsibility for the supervision of the child or by any household or family member. In order to convict the defendant of child abuse, the State must prove that the defendant was a family member or standing in the care and custody position or supervisory capacity or household member at the time and had permanent or temporary custody, care or responsibility of the victim, and that at the time, the victim was under the age of 18, and that the defendant sexually molested or exploited the victim by some method or modality of sexual molestation or exploitation. Household member means a person, who at the time of the alleged offense, lived with or was regularly present at the home or common residence of the victim."

The State requested the court clarify the jury instruction to make clear to the jury that the State was not required to prove appellant had "supervisory authority" over the minor

child but could proceed under the State's theory that appellant was a "family member" of the minor child. The following colloquy occurred:

"[COURT]: Do you want me to re-read it?

"[THE STATE]: Yes, sure.

"[DEFENSE COUNSEL]: (Unintelligible).

"[COURT]: I'll re-read it.

"[DEFENSE COUNSEL]: Your Honor, is a divorced uncle a family member?

"[COURT]: Um-hum, yes, a family member, yes, sure.

"[DEFENSE COUNSEL]: I'm going to object.

"[THE STATE]: Not divorced at the time anyway—

"[COURT]: (Unintelligible)

"[DEFENSE COUNSEL]: I think it—

"[COURT]: You know what, I'm not going to re-read it. You can argue it."

Although the court explicitly told defense counsel that he could argue to the jury that appellant did not fall within the statutory definition of "family member," he did not do so.

Robinson was convicted by the jury of sexual abuse of a minor.[2] The Circuit Court sentenced appellant to three years incarceration, with two years and nine months suspended, with two years supervised probation. Appellant noted a timely appeal in the Court of Special Appeals and we granted certiorari on our own initiative before the intermediate appellate court decided the appeal. *Robinson v. State*, 402 Md. 36, 935 A.2d 406 (2007).

Appellant contends that § 3–602 is unconstitutionally vague because its definition of "family member" is so broad that it does not provide fair notice as to who is prohibited from the conduct proscribed by the statute or prevent arbitrary enforcement of the statute. *See Galloway v. State*, 365 Md. 599,

---

**2.** The trial court accepted a partial verdict on the charge of sexual abuse of a minor because the jury failed to reach a verdict on the remaining counts.

615, 781 A.2d 851, 860 (2001). Section 3–602 reads, in pertinent part, as follows:

"(a)(1) In this section the following words have the meanings indicated.

(2) 'Family member' has the meaning stated in § 3–601 of this subtitle.

(3) 'Household member' has the meaning stated in § 3–601 of this subtitle.

(4)(i) 'Sexual abuse' means an act that involves sexual molestation or exploitation of a minor, whether physical injuries are sustained or not.

(ii) 'Sexual abuse' includes:

1. incest;
2. rape;
3. sexual offense in any degree;
4. sodomy; and
5. unnatural or perverted sexual practices.

(b)(1) *Prohibited*—A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a minor may not cause sexual abuse to the minor.

(2) A household member or family member may not cause sexual abuse to a minor."

"Family member" is further defined in § 3–601, which provides, in pertinent part, as follows:

"(a)(1) In this section the following words have the meanings indicated....

(3) 'Family member' means a relative of a minor by blood, adoption, or marriage."

The State argues that neither of the arguments raised by appellant in this appeal were raised below and therefore neither argument is preserved for review by this Court. The State argues also that because appellant does not allege that the statute infringes upon a fundamental constitutional right, he may only challenge the statute as applied to the facts at hand, and should not be permitted to mount a facial challenge

for vagueness. *See Galloway,* 365 Md. at 616–17, 781 A.2d at 861. As to the merits of appellant's statutory construction argument, the State contends that appellant's status as V.O.'s uncle by marriage puts him squarely within the definition of "family member" provided in § 3–601(a)(3)—an uncle by marriage is a "relative of a minor by blood, adoption, or marriage." Finally, the State argues that, on direct appeal, this Court should not consider appellant's claim that he was denied effective assistance of counsel.

Robinson contends that if a family member is defined as "a relative of a minor by blood, adoption, or marriage" it would have no limit in its application because, taken in extremis, all humans are related by either blood, adoption or marriage. He further contends that a narrow reading limits the statutory definition to immediate, nuclear family members (mother, father, brother, sister) and those married to or adopted by those members. Such a narrow reading would exclude appellant. Finally, appellant points to other statutes, particularly § 2–202 of the Family Law Article, Md.Code (1984, 2006 Repl.Vol.), where the Legislature has used more particularity in defining "family member." In conclusion, appellant notes that § 3–602 fails to provide fair notice to the targeted class because it lacks a specific enumeration of which persons fall under the definition of "family member." The statute is unconstitutionally vague, appellant reasons, because a person would not be able to determine if he or she were within the limits of the statutory definition from the plain text of the statute.

■ As to the State's non-preservation argument, appellant maintains that the constitutional argument and statutory construction issue was raised and decided in the trial court when the trial court responded affirmatively to defense counsel's query about whether a "divorced uncle" is a family member.[3]

---

**3.** In a single sentence in his reply brief, appellant raised, for the first time, the argument that the trial court committed plain error. At oral argument appellant contended that the trial court erred when it issued the jury instruction on child-abuse because it was unconstitutionally

He argues, in the alternative, that the evidence was not sufficient to convict him of child sexual abuse because no rational trier of fact could have found that an uncle by marriage is a family member as defined in § 3–602 and § 3–601. Although Robinson acknowledged that this theory of insufficiency of the evidence was never advanced in his motions in the trial court, he maintains that defense counsel's objection to the jury instruction preserves for appellate review his sufficiency of the evidence argument.

Finally, appellant contends that if this Court finds that his constitutional and sufficiency arguments are not preserved, he was denied effective assistance of counsel. Arguing that trial counsel's failure to properly raise the constitutional and sufficiency arguments was serious attorney error and that the deficient performance prejudiced appellant, he further maintains that the effectiveness of trial counsel should be addressed on direct appeal in this instance because the record is developed sufficiently to provide a fair evaluation of the claim and the critical facts are not in dispute.

It is well-settled that an appellate court ordinarily will not consider any point or question "unless it plainly appears by the record to have been raised in or decided by the trial court." Md. Rules, 8–131(a) (2007); *see also Burch v. United Cable* 391 Md. 687, 695, 895 A.2d 980, 984 (2006); *Fitzgerald v. State,* 384 Md. 484, 505, 864 A.2d 1006, 1018 (2004). The primary purpose of the rule is two-fold:

"(a) to require counsel to bring the position of their client to the attention of the lower court at the trial so that the trial court can pass upon, and possibly correct any errors in the proceedings, and (b) to prevent the trial of cases in a

---

vague, even though appellant did not object to the jury instruction on those grounds at trial. An appellate court will not ordinarily consider an issue raised for the first time in a reply brief. *Gazunis v. Foster,* 400 Md. 541, 554, 929 A.2d 531, 538 (2007). The State was not given an opportunity to respond to the argument that it was plain error for the trial court to give an unconstitutionally vague jury instruction when no objection to its constitutionality was made. Therefore, we shall not address this aspect of appellant's argument.

piecemeal fashion, thus accelerating the termination of litigation."

*Fitzgerald* at 505, 864 A.2d at 1018 (quoting *County Council v. Offen,* 334 Md. 499, 509, 639 A.2d 1070, 1075 (1994)).[4] In addition, it is this Court's established policy to decide a constitutional issue only when necessary. *See Burch,* 391 Md. at 695, 895 A.2d at 984; *McCarter v. State,* 363 Md. 705, 712, 770 A.2d 195, 199 (2001). Even if a constitutional issue is properly raised and decided at the trial level, this Court will not reach the constitutional issue if it is unnecessary to do so. *Burch,* 391 Md. at 695, 895 A.2d at 984–85.

We discussed this Court's well-established policy to decide constitutional issues only when necessary in *Burch v. United Cable. Id.* at 694–96, 895 A.2d at 984–85. In that case, the plaintiffs raised no constitutional issue in the trial court but on appeal requested both the Court of Special Appeals and this Court to exercise its discretion to consider the merits of their constitutional arguments. Both courts declined. Judge Eldridge, writing for the Court, explained as follows:

"Very recently we addressed this matter in *Teachers Union v. State Board of Education,* 379 Md. 192, 840 A.2d 728 (2004). In that case, the petitioner Union brought suit against the Board of Education requesting a declaratory judgment and injunctive relief on the ground that the Board lacked the statutory authority necessary to enter into contracts with private entities for the operation of public elementary schools. For the first time on appeal, the Union raised a constitutional issue under Article VIII, § 1, of the Maryland Constitution. This Court held that the failure of the Union to raise the constitutional issue in the trial court precluded it from raising the issue on appeal. We stated as follows:

---

**4.** There are several established exceptions to the general rule, including jurisdictional questions, exhaustion or exclusivity of administrative remedies, and standing of a party. *See County Council v. Offen,* 334 Md. 499, 509, 639 A.2d 1070, 1075 (1994).

"Since the constitutional issue raised in the Union's brief was not raised in the trial court, we shall decline to address it. It is particularly important not to address a constitutional issue not raised in the trial court in light of the principle that a court will not unnecessarily decide a constitutional question.'

As indicated above, 'the Court's established policy is to decide constitutional issues only when necessary.' Even when a constitutional issue is properly raised at trial and on appeal, or presented in a certiorari petition and the grant of the petition does not limit the issues, this Court will not reach the constitutional issue unless it is necessary to do so. In light of this strong policy against reaching a constitutional issue unnecessarily, this Court has normally exercised its discretion to decide a constitutional issue, not raised below, only when the issue falls within a well-established exception to Rule 8–131(a), such as a jurisdictional matter.

The plaintiffs' constitutional arguments, raised for the first time on appeal, do not involve a jurisdictional question or any other matter which falls within an established exception to Maryland Rule 8–131(a). Consequently, we decline to consider the constitutional arguments."

*Id.* at 694–96, 895 A.2d at 984–85 (internal citations omitted).

▮▮ Appellant's constitutional argument, raised for the first time on appeal, was not raised in the trial court; it is not a jurisdictional argument, and we therefore will not consider it. His argument that the evidence was insufficient because the State did not prove that appellant was a family member because as a non-blood uncle, he did not fit within the statutory definition of "family member" likewise was not raised below and therefore, was not preserved for appellate review. The trial court was not asked, ever, to decide any claim that the statute was unconstitutionally vague. Appellant did not contend that the evidence was insufficient to support a finding that appellant is a "family member," as used in § 3–602, in either his motion for directed verdict or motion for judgment of acquittal. The only instance appellant is able to point to

occurred when the trial court was ruling on a request made by the State to re-read the jury instruction containing the definition of child sexual abuse. The following exchange occurred:

"[DEFENSE COUNSEL]: Your Honor, is a divorced uncle a family member?

"[COURT]: Um-hum, yes, a family member, yes, sure.

"[DEFENSE COUNSEL]: I'm going to object."

Appellant's objection was insufficient to preserve the argument he presents before us for several reasons. First, his question to the trial court contained a material, factual, inaccuracy. Appellant was not, at the time, divorced from V.O.'s aunt. Appellant was not a "divorced uncle" at the time of the incident; he was divorced from V.O.'s aunt *after* the incident occurred. Therefore, the trial judge had no opportunity to rule on the issue of whether a person in appellant's position—an uncle by marriage separated from his wife—was a family member. We find that appellant failed to preserve both his argument that § 3–602 is unconstitutionally vague and his argument that there was insufficient evidence to find he was a "family member."

Appellant's final argument is that he was denied effective assistance of counsel and that we should address the issue on direct appeal rather than on post-conviction review. We decline to do so.

We have held repeatedly that a claim of ineffective assistance of counsel should be raised in a post-conviction proceeding, subject to a few exceptions. *See Smith v. State,* 394 Md. 184, 199, 905 A.2d 315, 324 (2006) (and cases cited therein). The rule is not "absolute and, where the critical facts are not in dispute and the record is sufficiently developed to permit a fair evaluation of the claim, there is no need for a collateral fact-finding proceeding, and review on direct appeal may be appropriate and desirable." *Id.* at 200, 905 A.2d at 324. This is not one of those cases. Counsel's reasons for not raising certain issues are best left for exploration in post-conviction and collateral fact-finding proceedings.

*JUDGMENT OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.*