(680 P.2d 313)

No. 55,476

STATE OF KANSAS, *Appellee,* v. ROBERT R. DICKSON, *Appellant.*

Opinion filed May 3, 1984. ■■

*Kiehl Rathbun,* of Wichita, for appellant.

*Kimberly Gee Vines,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: Defendant appeals from his conviction for the misdemeanor offense of driving while under the influence of alcohol or drugs in violation of K.S.A. 8-1567 (DUI). His sentence includes one year's imprisonment. Defendant was tried by the court sitting without a jury. His sole complaint on appeal is that he was erroneously denied a jury trial.

Defendant was arrested on the afternoon of Saturday, October 30, 1982, for DUI. On the following Monday, November 1, a complaint was filed in the morning. In the afternoon, he was arraigned and advised of the possible penalty upon conviction. He responded that he desired counsel and pleaded not guilty.

When his case came on for trial on December 17, defendant appeared without counsel. Upon a proper and satisfactory showing of indigency, the trial judge appointed a local lawyer to represent defendant. After appointed counsel had had about one hour within which to meet his client and prepare for trial, the trial judge proceeded to commence trial. Prior to the State's opening statement and introduction of evidence, defense counsel orally moved for a jury trial. The motion was denied and trial immediately began.

The trial judge's stated ground for denial of the motion for a

jury trial was his disbelief that the judge who conducted the arraignment had not informed defendant of his right to a jury trial and there was no reason to assume defendant's right to a jury trial was not explained to him at the arraignment.

The record contains no written waiver of a jury trial by defendant, no transcript of the arraignment proceeding and no record of what occurred at the arraignment beyond that stated above. The trial judge plainly presumed a prior waiver by defendant.

On appeal, the State relies upon the fact no jury trial request was made by defendant 48 hours or more prior to trial and the statutory provision that "[t]he trial of misdemeanor cases shall be to the court unless a jury trial is requested in writing by the defendant not later than 48 hours prior to the trial." K.S.A. 22-3404(1).

"[I]n order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 (1975).

A waiver of the right to a jury trial will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242-43, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969); *State v. Irving*, 216 Kan. at 589. Denial of defendant's motion for a jury trial on the ground expressed by the trial judge was erroneous.

There remains the question whether a jury trial was properly denied because of noncompliance with the K.S.A. 22-3404(1) "48-hour rule."

The Sixth and Fourteenth Amendments to the United States Constitution direct that in a criminal prosecution the accused has the right "to have the Assistance of Counsel for his defence." The initiation of adversary judicial proceedings marks the commencement of the prosecution and the time when the right to counsel attaches. *Kirby v. Illinois*, 406 U.S. 682, 688-690, 32 L.Ed.2d 411, 92 S.Ct. 1877 (1972). In the case before us, defendant's constitutional right to counsel attached on November 1, the day the complaint was filed and he was arraigned. Upon attachment of the right, defendant became entitled to counsel at any critical stage of the prosecution. *Kirby v. Illinois*, 406 U.S. at 690; *Simmons v. United States*, 390 U.S. 377, 382-83, 19 L.Ed.2d 1247, 88 S.Ct. 967 (1968); *Gilbert v. California*, 388 U.S. 263, 18

L.Ed.2d 1178, 87 S.Ct. 1951 (1967); *United States v. Wade*, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926 (1967). One critical stage of the prosecution is the time when the accused must decide whether to waive or request a trial by jury. It cannot be argued conscientiously to the contrary. Assuming no fault in the statutory "48-hour rule," an assumption we now make without deciding the question, we are convinced and hold that constitutionally the rule cannot be imposed where there has been no implementation of the accused's right to counsel at the time the rule requires action.

In the case before us, because defendant faced the possibility of one year's imprisonment (K.S.A. 8-1567[c] and [d]), he had the right to trial by jury (*Baldwin v. New York*, 399 U.S. 66, 26 L.Ed.2d 437, 90 S.Ct. 1886 [1970]) unless that right was foregone by waiver or failure to comply with the "48-hour rule." There was no affirmative waiver. Waiver cannot be presumed from a silent record. The "48-hour rule" cannot be imposed. The defendant was not afforded assistance of counsel when it was necessary for him to act. We conclude the defendant was erroneously denied a trial by jury.

Defendant's conviction is reversed. His sentence is vacated. The case is remanded for a new trial.