672 A.2d 602

**STATE of Maryland**

v.

**Otis Alexander BROWN.**

**No. 1, Sept. Term, 1996.**

Court of Appeals of Maryland.

March 4, 1996.

610

Mary Ann Ince, Assistant Attorney General, (J. Joseph Curran, Jr., Attorney General), Baltimore, for Petitioner.

Michael R. Malloy, Assistant Public Defender (Stephen E. Harris, Public Defender), Baltimore, for Respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

This case involves the requirement, set forth in Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 591, and Maryland Rule 4–271, that the trial of a circuit court criminal case ordinarily commence within 180 days.

A criminal information was filed on May 12, 1993, in the Circuit Court for Dorchester County, charging Otis Alexander

Brown with second degree rape, child abuse and related offenses. The charges were based on allegations that Brown had forcibly raped his twelve-year-old stepgranddaughter on March 14, 1993.

Defense counsel's appearance was entered on May 21, 1993. Consequently, the 180–day period for commencing trial of the case, prescribed by Art. 27, § 591, and Rule 4–271, would have expired on November 17, 1993.[1] On July 21, 1993, defense counsel filed a motion to compel discovery. Trial was initially

---

1. Art. 27, § 591, provides as follows:

   "**§ 591. Trial date.**

   (a) The date for trial of a criminal matter in a circuit court:

   (1) Shall be set within 30 days after the earlier of:

   (i) The appearance of counsel; or

   (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

   (2) May not be later than 180 days after the earlier of those events.

   (b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

   (c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts."
   Rule 4–271 states as follows:

   "**Rule 4–271. TRIAL DATE**

   (a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. When a case has been transferred from the District Court because of a demand for jury trial, and an appearance of counsel entered in the District Court was automatically entered in the circuit court pursuant to Rule 4–214(a), the date of the appearance of counsel for purposes of this Rule is the date the case was docketed in the circuit court. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

   (2) Upon a finding by the Chief Judge of the Court of Appeals that the number of demands for jury trial filed in the District Court for a county is having a critical impact on the efficient operation of the circuit court for that county, the Chief Judge, by Administrative Order, may exempt from this section cases transferred to that circuit court from the District Court because of a demand for jury trial.

   (b) **Change of Trial Date in District Court.**—The date for trial in the District Court may be changed on motion of a party, or on the court's initiative, and for good cause shown."

scheduled for August 3, 1993, well within the 180–day period. Upon the defendant's requests, the trial date was first postponed until August 31, 1993, and then postponed until October 5, 1993. The October 5th trial date was, nevertheless, 43 days before the expiration of the 180–day period.

When the case was called for trial on October 5, 1993, the State nol prossed the entire case. The prosecuting attorney, in setting forth the reason for the nol pros, stated that the underwear which the victim had been wearing when the offenses occurred had been sent to the Maryland State Police Crime Laboratory for DNA testing, that the results of the DNA testing had not yet been received, and that the results of the testing were necessary both for compliance with the defendant's discovery motion and for the State's trial preparation.

On January 11, 1994, after the DNA test results had been received, Brown was again charged, by an indictment filed in the Circuit Court for Dorchester County, with the rape and child abuse of his stepgranddaughter occurring on March 14, 1993. In February 1994, Brown filed a motion to dismiss, contending that the State had violated the requirement under Art. 27, § 591, and Rule 4–271, that Brown's trial commence within 180 days. Brown also claimed a violation of his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article 21 of the Maryland Declaration of Rights.

At the hearing on the motion to dismiss, held on March 10, 1994, Brown's attorney acknowledged that there was a "need" for the results of the DNA testing and that if the State, on October 5, 1993, had sought a further postponement of the trial date instead of filing a nol pros, the postponement probably would have been granted. The defense argued that the 180–day period under § 591 and Rule 4–271 for trial expired on November 17, 1993, that the State had not sought and obtained, in accordance with the statute and the rule, a postponement of the trial to a date beyond the 180–day deadline, and that, therefore, dismissal was the appropriate

sanction. Defense counsel alternatively argued that there had been a violation of Brown's constitutional right to a speedy trial. Thereafter, in a thorough opinion rendered orally in court, the circuit court (Donald F. Johnson, J.) denied the motion to dismiss, holding that there had been no violation of § 591 and Rule 4–271 and that the defendant's constitutional right to a speedy trial had not been violated.

Pursuant to an agreement, Brown pled not guilty to the count charging child abuse and was tried on that count on an agreed statement of the State's evidence. In addition, the results of the DNA test were admitted. The agreed statement and test results disclosed that Brown forcibly engaged in vaginal intercourse with his twelve-year-old stepgranddaughter on March 14, 1993, that the child had been left in Brown's care and custody at the time, that the DNA profiles obtained from the semen found on the child's underwear matched the DNA profile of Brown, and that the chances of selecting a person other than Brown "having a matching DNA profile would be one in five billion." The circuit court (Richard D. Warren, J.) found Brown guilty of child abuse, and the State nol prossed the remaining charges. Subsequently Brown was sentenced to a four-year term of imprisonment.

Brown appealed to the Court of Special Appeals, presenting the following two questions: (1) whether the circuit court erred in denying the motion to dismiss based on the alleged violation of Art. 27, § 591, and Rule 4–271; (2) whether Brown's constitutional right to a speedy trial had been violated. The Court of Special Appeals, in an unreported opinion, agreed with Brown that there had been a violation of § 591 and Rule 4–271, and reversed the conviction. The intermediate appellate court, relying on *Curley v. State*, 299 Md. 449, 474 A.2d 502 (1984), explained as follows:

> "We fully agree with the State that waiting for the DNA test results would have represented good cause for a postponement prior to the November 17, 1993, deadline and almost assuredly would have been granted by any reasonable judge. The State's problem, however, is that it failed

to take this necessary and prescribed step to avoid the foreclosing effect of the 180–day rule.

"The situation before us is controlled by *Curley v. State,* 299 Md. 449 [474 A.2d 502] (1984). Maryland follows the approach under which a *nol pros* tolls the running of a 180–day clock and the clock starts anew with the filing of a replacement indictment, subject to one very important exception. If the purpose *or effect* of the *nol pros* and subsequent recharging is to avoid the 180–day time limit, then the clock is deemed to have started running with the filing of the initial charge and is deemed to continue to run unaffected by the procedural maneuvering.

\*    \*    \*    \*    \*    \*

"There is no suggestion in this case that the State was doing anything in an underhanded fashion. It simply made a mistake in the method it chose to accomplish its purpose. There is no suggestion that there was anything defective in the initial charge. The new indictment was indistinguishable from the initial charge. Although the State was not guilty of any ulterior motive or nefarious purpose in entering the *nol pros,* the *nol pros* nonetheless had the effect of circumventing the 180–day rule."

Since it held that the conviction should be reversed because of a violation of § 591 and Rule 4–271, the Court of Special Appeals did not reach the defendant's alternative contention that his constitutional right to a speedy trial had been infringed.

The State then filed in this Court a petition for a writ of certiorari, presenting the single question of whether the Court of Special Appeals erred in finding a violation of § 591 and Rule 4–271 and reversing Brown's conviction on this basis. According to the State, the intermediate appellate court misapplied this Court's opinion in *Curley v. State, supra,* 299 Md. 449, 474 A.2d 502, and overlooked our opinion in *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984). The State contends that the Court of Special Appeals' decision in this case is inconsistent with both *Curley* and *Glenn.*

We have granted the State's petition and shall summarily reverse the judgment of the Court of Special Appeals. We agree with the State that the decision of the Court of Special Appeals is inconsistent with the principles set forth in the *Curley* and *Glenn* opinions.

Both *Curley v. State* and *State v. Glenn* concerned the application of the 180–day requirement for circuit court criminal trials, set forth in § 591 and Rule 4–271 (then numbered Rule 746), when the prosecuting attorney files a nol pros prior to the expiration of the 180–day period, thereafter causes the same charge or charges to be refiled against the defendant, and the trial under the second charging document is held more than 180 days after the arraignment or the initial appearance of counsel under the first charging document.

In *Curley v. State,* the defendant was charged by information, filed in the Circuit Court for Anne Arundel County, with manslaughter by automobile and related offenses. His trial was initially scheduled for a date which was very early in the running of the 180–day period; this trial date, however, was postponed in accordance with the procedures of § 591 and the rule. For some reason not shown by the record, a new trial date was never assigned. On the date that the 180–day period for trial expired, with no trial date assigned, no prior notice to the defense, and no ability to begin trying the case that day, the prosecuting attorney entered a nol pros with respect to all charges against the defendant Curley. More than three months later, the State filed a second information charging Curley with the same offenses that had been charged under the prior information. Thereafter, Curley filed a motion to dismiss the second information on the ground, *inter alia,* that the 180–day trial requirement of § 591 and the implementing rule had been violated. Curley argued that whenever the State nol prossed pending circuit court charges and later refiled the same charges, the 180–day period for commencing trial, prescribed by the statute and rule, should always run from the defendant's arraignment or the first appearance of counsel under the initial charging document, and that the running of the period should not be tolled after the nol pros

was filed. The circuit court rejected Curley's argument and denied the motion to dismiss. After his trial and conviction, Curley appealed to the Court of Special Appeals, and the intermediate appellate court certified the case to this Court. *See* Rule 8–304.

This Court's opinion in *Curley* initially reviewed cases in other jurisdictions having statutes or rules somewhat like Art. 27, § 591, and Rule 4–271. The Court observed that cases elsewhere had basically taken three different approaches in applying statutory time limits for criminal trials to the situation where the prosecution nol prossed the charges and later filed the same charges. We pointed out that (1) some cases hold that the running of the time period is neither tolled nor ended by the nol pros, and that the same period continues to run when the charges are refiled,[2] (2) cases in other jurisdictions look to the date of the first charge but toll the running of the statutory time for the period during which no charges are pending, (3) a third category of cases takes the position that when criminal charges are nol prossed and later refiled, the time period for commencing trial ordinarily begins to run anew after the refiling. We further pointed out that the cases in this third category "generally recognize an exception where the prosecution's action is intended or clearly operates to circumvent the statute or rule prescribing a time limit for trial." *Curley*, 299 Md. at 459, 474 A.2d at 507. Our *Curley* opinion went on to adopt the approach taken by the cases in the third category, reasoning that this approach was more consistent with Maryland law regarding the nature of a nol pros and with the purpose of Art. 27, § 591, and the implementing rule. We set forth our basic holding in *Curley* as follows (299 Md. at 462, 474 A.2d at 508):

"We hold, therefore, that when a circuit court criminal case is nol prossed, and the state later has the same charges refiled, the 180–day period for trial prescribed by § 591 and

---

2. The Court of Special Appeals, prior to our opinion in *Curley v. State*, appeared to take this position. *See State v. Glenn*, 53 Md.App. 717, 456 A.2d 1300 (1983), *reversed*, 299 Md. 464, 474 A.2d 509 (1984).

Rule 746 ordinarily begins to run with the arraignment or first appearance of defense counsel under the second prosecution."

Our *Curley* opinion also agreed with the exception recognized by the cases in the third category, namely that where the nol pros had the purpose or necessary "effect of circumventing the requirements of § 591 and Rule 746, the 180–day period will commence to run with the arraignment or first appearance of counsel under the first prosecution." *Ibid.*

Applying these principles to the facts of the *Curley* case, we stated (299 Md. at 461, 474 A.2d at 508, emphasis added):

"The trial court in the present case recognized that the time period set forth in § 591 and Rule 746 should not begin to run anew with the second prosecution where it was shown that the purpose of the nol pros was to evade the requirements of the statute and rule. The exception recognized by the trial court, however, is too limited. Where the state's action *necessarily circumvents the statute* and rule prescribing a deadline for trial, this should be sufficient to continue the time period running with the initial prosecution."

After discussing some decisions in other states, our *Curley* opinion explained why the nol pros in that case "clearly circumvented" § 591 and the implementing rule and had the "necessary effect" of attempting to evade the sanction of dismissal for violation of the statute and rule (299 Md. at 462–463, 474 A.2d at 508–509, emphasis added):

"In the instant case, the nol pros clearly circumvented the requirements of § 591 and Rule 746. When the nol pros was entered on March 23, 1981, which was the final day for trial, it was too late for compliance with § 591 and Rule 746. At the time a trial date had not even been assigned. The case could not have been tried on March 23rd, as the defendant, his counsel, and witnesses were not present. There was no reason for them to have been present, as March 23rd was not the assigned trial date. As of the close of business on March 23rd, *the case would have had to have*

*been dismissed for violation of § 591 and Rule 746. In reality, the prosecution had already lost this case under § 591 and Rule 746 when the nol pros was filed.* Regardless of the prosecuting attorney's motives, the necessary effect of the nol pros was an attempt to evade the dismissal resulting from the failure to try the case within 180 days.".

Consequently, under the holding in *Curley*, a nol pros has the "necessary effect" of an attempt to circumvent the requirements of § 591 and Rule 4–271 when the alternative to the nol pros would be a dismissal of the case for failure to commence trial within 180 days. When compliance with the requirements of § 591 and Rule 4–271 is, as a practical matter, no longer feasible, then a nol pros and later refiling of the same charges has the "necessary effect" of an attempt to circumvent the requirements of the statute and the rule. Otherwise, under the teaching of the *Curley* case, it does not.

█ The holding in *Curley* was reaffirmed and applied in *State v. Glenn, supra,* 299 Md. 464, 474 A.2d 509, decided the same day as *Curley*. In *Glenn*, three defendants were charged with the distribution of obscene material, and their trial in the Circuit Court for Prince George's County was set for November 17, 1981. The 180–day period for commencing trial expired on January 13, 1982. Consequently, the November 17th trial date was 57 days before the trial deadline specified by § 591 and the implementing rule. When the *Glenn* cases were called for trial on November 17, 1981, the prosecuting attorney nol prossed all three cases because of defects in the charging documents. Thereafter corrected charging documents were filed, and defense counsel's appearance in the circuit court under the new charging documents was entered on January 11, 1982. A trial date of March 29, 1982, was set. This was well within the 180–day period measuring from the first appearance of counsel under the new charging documents, but it was beyond the 180–day period for commencing trial under the initial charging documents. Prior to the March 29, 1982, trial date, defense counsel filed a motion to dismiss, arguing "that the same 180–day period for

trial under the initial charging documents continued to run after the nol pros and new charging documents. Therefore, according to the defendants, January 13, 1982, was the last day for trial of the cases under § 591 and Rule 746." *Glenn,* 299 Md. at 466, 474 A.2d at 510. The circuit court, agreeing with the defendants' argument, dismissed the charges, and the Court of Special Appeals affirmed. This Court, however, applying the principles set forth in *Curley,* reversed, stating (299 Md. at 467, 474 A.2d at 511, emphasis added):

"In the instant cases the prosecuting attorney's purpose in nol prossing the charges was not to evade § 591 and Rule 746. The record clearly establishes, with no basis for a contrary inference, that the charges were nol prossed because of a legitimate belief that the charging documents were defective and because the defendants' attorney would not agree to amendment of the charging documents.

"Unlike the situation in *Curley,* the necessary effect of the nol pros in these cases was not to circumvent § 591 and Rule 746. November 17, 1981, which was the assigned trial date and the date of the nol pros, was only 123 days after the arraignment and first appearance of counsel. If the cases had not been nol prossed, trial could have proceeded on November 17th. If the cases had not been nol prossed, and if for some reason trial had not proceeded when the cases were called on November 17th, there remained fifty-seven days before the expiration of the 180–day deadline. *In Curley, if the case had not been nol prossed on the 180th day, it necessarily would have been dismissed for a violation of § 591 and Rule 746. This is not the situation in the present cases. The effect of the nol pros in the present cases was not necessarily to evade the requirements or sanction of § 591 and Rule 746.*"

The *Glenn* decision makes it clear, therefore, that a nol pros will have the "necessary effect" of an attempt to evade the requirements of § 591 and Rule 4–271 *only* when the alternative to the nol pros would have been a dismissal with prejudice for noncompliance with § 591 and Rule 4–271. *See also State*

*v. Phillips,* 299 Md. 468, 474 A.2d 512 (1984); *State v. Henson,* 335 Md. 326, 335–336, 643 A.2d 432, 437 (1994).

■ It is obvious that the nol pros in the case at bar did not have the necessary effect of an attempt to circumvent the requirements of § 591 and Rule 4–271. If the case had not been nol prossed on October 5, 1993, there would have been 43 days before the expiration of the 180–day period. In this respect, the case is very much like the *Glenn* case. During this 43–day period, the State's Attorney's office may have been able to expedite the DNA testing and obtain the results so that trial of the case could have begun before the deadline. Alternatively, the State's Attorney's office may have obtained from the administrative judge, in accordance with § 591 and Rule 4–271, a good cause postponement of the trial to a date beyond the 180–day period. There was clearly a basis for such postponement.

The Court of Special Appeals in the present case seems to have taken the position that whenever there is a nol pros and refiling of the same charges, and when the trial under the second charging document commences more than 180 days after the arraignment or first appearance of counsel under the first charging document, the "effect" of filing a nol pros instead of seeking a postponement is to circumvent the 180–day rule. In reality, this position is the same as holding that the running of the 180–day time period is neither tolled nor ended by the nol pros, and that the same period continues to run when the charges are refiled. It is, in substance, the position which had been taken by the Court of Special Appeals in the *Glenn* and *Phillips* cases which this Court reversed.

■ The Court of Special Appeals stated in this case that the prosecuting attorney, instead of entering a nol pros on October 5, 1993, should have sought a postponement from the administrative judge. Nevertheless, the decision whether to enter a nol pros or to seek a postponement because of the delay in the DNA testing is for the prosecuting attorney and not for an appellate court. *Hook v. State,* 315 Md. 25, 35, 553 A.2d 233, 238 (1989) ("'The entry of a nolle prosequi is

generally within the sole discretion of the prosecuting attorney, free from judicial control,'" quoting *Ward v. State,* 290 Md. 76, 83, 427 A.2d 1008, 1012 (1981)). The State's Attorney's office may have decided that if the DNA test results were favorable to the defendant, the charges would not be refiled, and thus the nol pros on October 5, 1993, would have ended the matter. Whatever the reason, however, the decision to enter a nol pros or to seek a postponement was within the prosecuting attorney's discretion.

Under our decisions, the nol pros here did not have the "necessary effect" of an attempt to circumvent the requirements of § 591 and Rule 4–271. Thus the decision of the Court of Special Appeals must be reversed. Upon remand, the Court of Special Appeals will be able to decide the constitutional speedy trial issue which it did not reach earlier.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY THE COSTS IN THIS COURT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.*