770 A.2d 195

**Antwone Paris McCARTER**

v.

**STATE of Maryland.**

**No. 5, Sept. Term, 2000.**

Court of Appeals of Maryland.

April 16, 2001.

706

Daniel H. Weiss, Asst. Public Defender (Stephen E. Harris, Public Defender, and Martha Weisheit, Asst. Public Defender, on brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief) Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY,* RAKER, WILNER, CATHELL, and HARRELL, JJ.

ELDRIDGE, Judge.

We issued a writ of certiorari in this criminal case to determine whether a defendant has a right to counsel at an initial appearance, under Maryland Rule 4–213(c), at which time the defendant purported to waive his right to a jury trial.

I.

Antwone Paris McCarter was charged in the District Court of Maryland, Wicomico County, with possession of marijuana and possession of paraphernalia in violation of Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 287. McCarter requested a jury trial, and the case was transferred to the Circuit Court for Wicomico County. McCarter's initial appearance before the Circuit Court, pursuant to Rule 4–213(c), was on August 13, 1999.[1] Although McCarter was not represented by counsel

---

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Maryland Rule 4–213(c) provides as follows:

"**Rule 4–213. Initial appearance of defendant.**

\* \* \*

(c) **In circuit court following arrest or summons.** The initial appearance of the defendant in circuit court occurs when the defen-

at the time and did not waive his right to counsel, he did purport to waive his right to a jury trial. The colloquy at the proceeding was as follows:

> "THE COURT: Mr. McCarter, you are charged with possession of marijuana which carries a maximum penalty of a fine of $1,000 or one year in jail or both, possession of paraphernalia which carries a maximum penalty of a fine of $500.
>
> You have the right to be represented by an attorney. If you can't afford one, the Public Defendant (*sic*) would represent you at no charge. Do you understand that?
>
> THE DEFENDANT: Yes.

---

dant (1) is brought before the court by reason of execution of a warrant pursuant to Rule 4–212(e) or (f)(2), or (2) appears in person or by written notice of counsel in response to a summons. In either case, if the defendant appears without counsel the court shall proceed in accordance with Rule 4–215. If the appearance is by reason of execution of a warrant, the court shall inform the defendant of each offense with which the defendant is charged, ensure that the defendant has a copy of the charging document, and determine eligibility for pretrial release pursuant to Rule 4–216."

Rule 4–215(a) governs an accused's initial appearance in court without counsel. The rule states:

"**Rule 4–215. Waiver of counsel.**

(a) **First appearance in court without counsel.** At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

THE COURT: Do you understand how a lawyer can help you in defending these charges?

THE DEFENDANT: Yes.

THE COURT: Are you going to get a private counsel or Public Defender?

THE DEFENDANT: I don't know.

THE COURT: Have you hired anybody yet?

THE DEFENDANT: No.

THE COURT: All right.

If no lawyer enters their appearance in the next 15 days, the matter will be scheduled for trial. If you don't have a lawyer on the trial date, you will be found to waive your right to a lawyer and have to proceed without one. Do you understand that?

THE DEFENDANT: Yes."

The judge then continued:

"THE COURT: Do you know whether you want a Court or a jury trial?

THE DEFENDANT: Court.

THE COURT: Do you understand you have the absolute right to be tried by a jury where 12 people hear the evidence? After hearing the evidence, they would all have to agree upon their verdict. They would all have to be convinced beyond a reasonable doubt of your guilt before a jury would find you guilty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Understanding that, do you want to be tried by a jury or do you want to waive your right—

THE DEFENDANT: Court.

THE COURT:—to a jury trial and be tried by the Court?

THE DEFENDANT: Court.

---

The clerk shall note compliance with this section in the file or on the docket."

\* \* \*

.THE COURT: I find the defendant has knowingly and voluntarily waived his right to trial by jury. They will have some papers for you to sign."

Thereupon, McCarter executed the following document:

## "PLEA AND ELECTION OF COURT TRIAL OR JURY TRIAL

I, Defendant ... hereby enter a plea of Not Guilty to the offense(s) charged in the Charging Document filed in these proceedings.

I know that I have a right to be tried by a jury of twelve (12) persons or by the Court without a jury. I am aware that before a finding of guilty in a jury trial, all twelve (12) jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a Court trial, the Judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: *COURT*

I make this Election knowingly and voluntarily and with full knowledge that I may not be permitted to change the Election.

*/s/ Antwone McCarter* "

On September 24, 1999, an assistant public defender entered his appearance on behalf of McCarter. A few days later, defense counsel moved to have the case scheduled for a trial by jury. Counsel argued that at the initial appearance McCarter had not waived his right to an attorney, and that the waiver of a jury trial is a critical stage of the proceedings during which the defendant was entitled to representation. The court denied the motion.

McCarter appeared for trial. Before witnesses were called, defense counsel noted for the record that when McCarter elected a court trial he was not represented by counsel. The judge pointed out that the defendant was advised of his right to a jury trial from the bench. Again, defense counsel argued that a decision as to the mode of trial is a critical stage of the

proceedings and that the defendant was entitled to an attorney when making the decision. The court nevertheless concluded that McCarter had previously knowingly and voluntarily waived his right to a trial by jury. McCarter was then tried by the court. He was found guilty of possession of marijuana and not guilty on the charge of possession of paraphernalia. The court imposed a sentence of ninety days.

The defendant timely noted an appeal. Before argument in the Court of Special Appeals, this Court issued a writ of certiorari on its own motion. *McCarter v. State*, 358 Md. 381, 749 A.2d 172 (2000).

## II.

The sole issue debated by the parties on this appeal is whether the circuit court proceeding on August 13, 1999, was a "critical stage" of the criminal case, thereby triggering McCarter's constitutional right to the assistance of counsel under the Sixth Amendment.

McCarter, discussing and primarily relying upon decisions by the Supreme Court of the United States, argues that "[i]n light of the ... decisions of the Supreme Court extending the [Sixth Amendment] right of counsel to pre-trial as well as trial proceedings, a defendant's election of court or jury trial must be deemed a 'critical stage' of the prosecution" and that "a decision regarding the mode of trial should be made only after an accused has had an opportunity to consult with counsel and obtain the benefit of counsel's opinion as to the manner of trial that would best serve his interests." (Appellant's brief at 7). The State asserts that "the resolution of McCarter's claim centers on whether his arraignment was a 'critical stage' in the proceedings requiring the assistance of counsel." (Appellee's brief at 2). The State contends that "no decision of the Supreme Court or of the Maryland appellate courts has ... held" that a "proceeding wherein a defendant elects between a court trial or a jury trial is a 'critical stage' of the proceeding requiring the assistance of counsel." (*Ibid.*).

Since McCarter did not waive the right to counsel, it is clear, as well as undisputed, that if McCarter had a right to the assistance of counsel at his initial appearance on August 13, 1999, the trial court erred in accepting McCarter's waiver of his right to a jury trial when the defendant did not have the benefit of counsel's advice. *See, generally, Coleman v. Alabama,* 399 U.S. 1, 7–11, 90 S.Ct. 1999, 2002–2004, 26 L.Ed.2d 387, 395–398 (1970); *Gilbert v. California,* 388 U.S. 263, 271–272, 87 S.Ct. 1951, 1955–1956, 18 L.Ed.2d 1178, 1185–1186 (1967); *United States v. Wade,* 388 U.S. 218, 223–238, 87 S.Ct. 1926, 1930–1938, 18 L.Ed.2d 1149, 1155–1164 (1967); *White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); *Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). *See also, e.g., State v. Dickson,* 9 Kan.App.2d 425, 680 P.2d 313 (1984) (the defendant was entitled to counsel at the arraignment at which he decided whether to request or waive a jury trial; thus the waiver by the unrepresented defendant was invalid); *Baker v. Wainwright,* 245 So.2d 289 (Fla.App.1971) (same, although the error was deemed harmless because the defendant and his counsel later acquiesced in a nonjury trial); *State v. Eller,* 185 Wis.2d 917, 520 N.W.2d 291 (1994) (unrepresented defendant's pre-trial waiver of right to jury trial should not have been accepted by the court).

As previously mentioned, the issue debated by the parties in this case has been whether the proceeding on August 13, 1999, when the defendant purported to waive his right to a jury trial, was a "critical stage" of the criminal case for purposes of the *constitutional* right to counsel.[2] Nevertheless, "this Court adheres to 'the established principle that a court will not decide a constitutional issue when a case can properly be disposed of on a non-constitutional ground.'" *Baltimore Sun v. Mayor and City Council of Baltimore,* 359 Md. 653, 659, 755 A.2d 1130, 1133–1134 (2000), quoting *Telni-*

---

2. For a recent discussion of the constitutional right to counsel at "critical stages" of the criminal case, *see* Judge Raker's opinion for the Court in *State v. Wischhusen,* 342 Md. 530, 537–542, 677 A.2d 595, 598–601 (1996).

*koff v. Matusevitch*, 347 Md. 561, 579 n. 15, 702 A.2d 230, 239 n. 15 (1997). *See, e.g., Harryman v. State*, 359 Md. 492, 503 n. 6, 754 A.2d 1018, 1024 n. 6 (2000); *Ashford v. State*, 358 Md. 552, 561, 750 A.2d 35, 40 (2000); *Thrower v. State ex rel. Bureau of Support Enforcement*, 358 Md. 146, 149 n. 2, 747 A.2d 634, 636 n. 2 (2000), and cases there cited. This principle applies even if the non-constitutional ground was not raised by any party in the case. The "appellate policy of avoiding unnecessary decision of constitutional issues gives rise to one of 'a very limited number of circumstances [that] have been treated as'" "extraordinary" "'and thus within the exceptions to the requirement that an issue be raised in a certiorari petition, cross-petition, or order by the Court.'" *Professional Staff Nurses v. Dimensions Health Corp.*, 346 Md. 132, 138–139, 695 A.2d 158, 161 (1997), and cases there discussed.

We shall hold that, at the proceeding on August 13, 1999, McCarter had a Maryland statutory right to counsel under Maryland Code (1957, 1997 Repl.Vol.), Art. 27A, § 4, and Maryland Rule 4–214(b). In light of this holding, we need not and do not reach the issues of whether the August 13th proceeding was a "critical stage" of the criminal prosecution for purposes of the Sixth Amendment right to counsel, whether there was a Sixth Amendment right to counsel at the August 13th proceeding, or whether there was a right to counsel under Article 21 of the Maryland Declaration of Rights which attached to the proceeding. Because McCarter had a *statutory* right to counsel at the August 13, 1999, proceeding, and because he did not waive his right to counsel, the trial court erred in holding that the defendant had waived his right to a jury trial when he did not have the benefit of counsel's advice. The trial court on August 13th should not have asked McCarter to choose between a jury or a nonjury trial.

Art. 27A, §§ 1 through 14, is the Maryland Public Defender Act. As this Court has pointed out on several occasions, "the right to counsel under the Public Defender Act is significantly broader than the constitutional right to coun-

sel." *State v. Flansburg,* 345 Md. 694, 700, 694 A.2d 462, 465 (1997). *See, e.g., Harris v. State,* 344 Md. 497, 511–512, 687 A.2d 970, 977 (1997); *Webster v. State,* 299 Md. 581, 602–604, 474 A.2d 1305, 1316–1317 (1984).

■ Although "the Public Defender Act expressly grants a right to counsel only to indigents, this Court has held, on equal protection principles, that a person with means to obtain his own lawyer has a right to representation by his own counsel which is equally as broad as an indigent's right under the Public Defender Act." *State v. Flansburg, supra,* 345 Md. at 700 n. 4, 694 A.2d at 465 n. 4. *See Wilson v. State,* 284 Md. · 664, 670–671, 399 A.2d 256, 259–260 (1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980) ("an accused with the means to hire counsel to represent him ... could not be denied such representation in light of the statutory provisions granting legal assistance to an indigent accused").

Section 4 of Art. 27A specifies the types of proceedings and the stages at which there is a statutory right to counsel. Section 4(b) states:

"(b) *Included proceedings.*—Legal representation shall be provided indigent defendants or parties in the following proceedings:

(1) Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;

(2) Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;

(3) Postconviction proceedings under Article 27, Annotated Code of Maryland, when the defendant has a right to counsel pursuant to § 645A of that article;

(4) Any other proceedings where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result; and

(5) An involuntary termination of parental rights proceeding or a hearing under § 5–319 of the Family Law

Article, if the party is entitled to Public Defender representation under § 5–323 of the Family Law Article."

As the above-language indicates, proceedings where there is a constitutional right to counsel constitute only one of the five categories where the statute grants a right to counsel.

Section 4(d) of Art. 27A specifies the "stages" at which the right of representation attaches. Instead of being limited to "critical stages" of cases, § 4(d) expressly includes "all stages." Section 4(d) provides as follows (emphasis added):

"(d) *Extension of representation to all stages in proceedings.*—Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, *shall extend to all stages* in the proceedings, including custody, interrogation, preliminary hearing, *arraignment,* trial, a hearing in an involuntary termination of parental rights proceeding, a hearing under § 5–319 of the Family Law Article, and appeal, if any, and shall continue until the final disposition of the cause, or until the assigned attorney is relieved by the Public Defender or by order of the court in which the cause is pending."

*See also* Maryland Rule 4–214(b), stating that counsel's "representation extends to all stages in the proceedings, including but not limited to custody, interrogations ... [etc.]." As the right of counsel "shall extend to all stages," the right obviously attached to the August 13, 1999, proceeding. Moreover, expressly included in the list of illustrations of stages is an "arraignment."

In a post-argument memorandum submitted by the State, it is argued that the statutory right to counsel did not attach to the August 13, 1999, proceeding because "the proceeding at issue here was not an arraignment as that term is used in the Public Defender statute because no plea was taken from the defendant." (State's memorandum of September 28, 2000, p. 2). The State cites cases from a few states which, for purposes of the procedure in those states, define "arraignment" as an appearance at which a plea is entered. There are several alternative short answers to the State's argument.

*First,* at the conclusion of the August 13th proceeding, the defendant signed a document which contained a "not guilty" plea. Thus, a plea was taken at the August 13th proceeding.

*Second,* the term "arraignment" is no longer used in the Maryland Rules of Procedure. What was called an "arraignment" in 1971 when the Public Defender Act was enacted is now called an "initial appearance," and the August 13th proceeding was an initial appearance. For example, *compare* Code, (1957, 1996 Repl.Vol.) Art. 27, § 591 *with* Code, (1957, 1982 Repl.Vol.) Art. 27, § 591 and *compare* Maryland Rules 4–213 and 4–215 *with* former Rules 723 and 719. When "arraignment" is used in our cases, it is done so interchangeably with "initial appearance." *See, e.g., State v. Brown,* 341 Md. 609, 672 A.2d 602 (1996); *Curley v. State,* 299 Md. 449, 474 A.2d 502 (1984); *Bowers v. State,* 124 Md.App. 401, 722 A.2d 419 (1999).

*Third,* regardless of whether the August 13, 1999, proceeding was an "arraignment" within the meaning of the statute, the statutory right to counsel "extends to all stages in the proceedings." "All" means "all," and it encompasses the August 13th proceeding regardless of its categorization. The specific types of proceedings listed in the statute and rule are for purposes of illustration only.

As McCarter had a right to the advice of counsel before waiving his right to a jury trial on August 13, 1999, the waiver was invalid. To reiterate, a trial judge should not ask a criminal defendant who appears at an initial appearance without a lawyer, and who has not waived his or her right to a lawyer, to elect between a jury or nonjury trial.

*JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY REVERSED AND CASE REMANDED TO THAT COURT FOR A NEW TRIAL. COSTS TO BE PAID BY WICOMICO COUNTY.*